## Tim FOLEY v. STATE of Arkansas

CR 77-221                                    565 S.W. 2d 128

Opinion delivered April 24, 1978
(Division I)
[Rehearing denied May 30, 1978.]

*Patterson & Welch*, by: *Morgan E. Welch*, for appellant.

*Bill Clinton*, Atty. Gen., by: *Jesse L. Kearney*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was found guilty of having unlawfully possessed and sold a controlled substance, phencycladine (which is used by veterinarians for tranquilizing horses). The jury returned a verdict of guilty and fixed Foley's punishment at imprisonment for 5 years and a $3,000 fine.

According to the State's proof an undercover officer,

Gaylon Hutchinson, and a police informer, Steven Howerton, acted together in purchasing the drug from the appellant, for $60. Hutchinson testified at the trial, but Howerton did not appear as a witness. The appellant's principal argument for reversal is that he was entitled either to a dismissal of the charge or to a continuance, because the prosecution did not produce Howerton as a witness at the trial or make him available for the taking of a pretrial deposition.

The appellant, in making this argument, relies upon cases holding that in certain circumstances the prosecution must disclose the identity of a confidential informer, so that the accused may be confronted by the witnesses against him. *Roviaro* v. *United States*, 353 U.S. 53 (1957); *Hooper* v. *State*, 257 Ark. 103, 514 S.W. 2d 394 (1974). In this case, however, the missing witness, Howerton, was not an unidentified confidental informer. Quite the opposite, he was the defendant Foley's first cousin and contemporary; the two had lived together. According to the undisputed proof, the prosecution had no more control over Howerton than the defense had. The prosecutor testified that he had subpoenaed Howerton, that he desired Howerton's presence at the trial, and that he did not know Howerton's whereabouts. The defense, apart from stating that Howerton's testimony was vital to proof of entrapment, made no proffer of what Howerton's testimony would have been. There is no showing that the defense made any effort to subpoena Howerton when the opportunity was presented some time before the trial. There is simply no basis for saying that the prosecution somehow contrived to make Howerton unavailable as a witness. The argument is without merit.

It is also contended that the court should have allowed the defense to introduce a transcript of testimony given by Howerton in another trial, not involving this defendant. What the defense wanted to introduce was a statement by Howerton, in the course of his earlier testimony, that he and Foley did not have "a marihuana commercial market going last year." We do not agree with the appellant's argument that the parties "stipulated" at a pretrial hearing that the transcript might be introduced at the trial. The trial judge merely ruled that the transcript might become a part of the record of the pretrial hearing. Furthermore, at the very most

the exclusion was harmless error, because Howerton's admission that he did not have a marihuana commercial market going with Foley had no relevance to the charge that Foley had sold phencycladine, an accusation that does not involve marihuana in any way.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.